## LUTHERAN WELFARE SERVICES OF ILLINOIS and United Christian Community Services, Petitioners,

v.

## NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 78–1867.

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1979.

Decided Oct. 18, 1979.

Rehearing and Rehearing En Banc Denied Dec. 5, 1979.

Joseph Evans O'Leary, Chicago, Ill., for petitioners.

Christopher Katzenbach, N. L. R. B., Washington, D. C., for respondent.

Before SWYGERT, PELL and BAUER, Circuit Judges.

BAUER, Circuit Judge.

This case is before the Court on the petition of Lutheran Welfare Services of Illinois ("LWSI") and United Christian Community Services ("UCCS") to review an order of the National Labor Relations Board issued on June 19, 1978.[1] The Board has filed a cross-application for enforcement of its order.

The Board found that LWSI and UCCS violated Section 8(a)(5) and (1) of the National Labor Relations Act by refusing to bargain with the duly certified representative of their employees following Board-conducted elections in which the Union was selected as the employees' representative. In so finding, the Board rejected the employers' contention that their operations

---

1. The Board Decision and Order is reported at 236 N.L.R.B. 106.

were so controlled by a governmental agency as to preclude the Board from asserting jurisdiction. For the following reasons, we deny enforcement of the Board's order.

LWSI and UCCS are non-profit Illinois corporations which operate child care facilities in Chicago under the federal Headstart and Daycare programs. The bulk of the funding for these facilities is received from Model Cities—Chicago Committee on Urban Opportunity, a local agency that is charged with administering federally funded social welfare programs under the Economic Opportunity Act, 42 U.S.C. § 2928, and Title XX of the Social Security Act, 42 U.S.C. § 1397, et seq.

In their primary arguments on appeal, LWSI and UCCS challenge the Board's jurisdiction on three independent grounds: 1) Model Cities—CCUO is exempt from the NLRA and controls labor relations at LWSI and UCCS to such an extent that it is, in effect, a joint employer; 2) LWSI and UCCS are "political subdivisions" within the meaning of Section 2(2) of the NLRA; and 3) the services rendered by LWSI and UCCS are "intimately connected" with the purposes of Model Cities—CCUO. Since we find a persuasive basis for denying enforcement in the petitioners' first argument, we do not reach the other two.

The NLRB has long held that if two or more employers exert significant control over the same employees, they constitute "joint employers" under the NLRA. Stoudt & Son, Inc., 114 N.L.R.B. 838 (1955); Veta Mines, Inc., 36 N.L.R.B. 288 (1941). The Board has also held that it has no jurisdiction over joint employers if one of the employers is exempt from the Act, since a collective bargaining agreement is not feasible in such circumstances. See, e. g., Mississippi City Lines, 223 N.L.R.B. 11 (1978); Transit Systems, Inc., 221 N.L.R.B. 299 (1975); Ohio Inns, Inc., 205 N.L.R.B. 528 (1973).

In this case, the Board insists that although Model Cities—CCUO is exempt from the Act, it does not have substantial control over labor relations at LWSI and UCCS. On the Board's theory, the relationship between Model Cities and LWSI and UCCS is primarily contractual, with LWSI and UCCS standing as independent contractors.

We are not persuaded by this argument, however, for Congress has provided that the agency charged with administering Headstart programs

"shall adopt for itself and other agencies using funds or exercising authority for which it is responsible, rules designed to establish specific standards governing *salaries, salary increases, travel and per diem allowances, and other employee benefits* . . . ." 42 U.S.C. § 2928f(a) (emphasis added).

It thus seems clear that Model Cities is empowered to exercise substantial control over labor relations at the Headstart and Daycare centers. Indeed, the record indicates that: 1) all Headstart and Daycare employees are classified and their salaries set in accordance with the Model Cities—CCUO policy; 2) Model Cities—CCUO approval must be secured before Headstart or Daycare centers may hire or promote employees, grant wage or merit increases, pay fringe benefits or set working hours; 3) LWSI and UCCS must prepare a policy procedure manual for approval by Model Cities—CCUO; 4) Headstart and Daycare centers must submit to Model Cities—CCUO personnel rosters, organizational charts and evaluation reports; and 5) the Headstart and Daycare center directors are supervised by Model Cities—CCUO personnel.

In light of these and other indicia of Model Cities' control over labor relations at LWSI and UCCS, we must conclude that this case falls squarely within the Board's "joint employer" doctrine. Accordingly, we deny enforcement of the Board's June 19, 1978 order.

Enforcement Denied.